SPENCER B. HOPKINS, Trustee *vs.* AMELIA H. B. CURTIS *et al.*

MARCH 5, 1920.J

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Trusts.  Wills.*

On bill in equity seeking construction of testamentary. trust; alleging that the real estate was depreciating in value and could not be ·partitioned equitably; the court determines the *quantum* of the estate now held by the trustee and finds that under the circumstances of the case, the trustee should be authorized to sell and convey the real estate comprising the trust property and to reinvest and dispose of the proceeds in · accordance with the opinion.

BILL IN EQUITY for construction of testamentary trust. Certified under Gen. Laws, 1909, cap. 289, sec. 35.

VINCENT, J.   This is a suit in equity brought by Spencer B. Hopkins in his capacity as trustee under the will of James Barnes, late of Providence, for instructions.   The respondents are an aged daughter of the testator and her husband, a granddaughter of the testator and the husband .of a deceased daughter of the testator, who is made a party respondent both individually and as administrator, because of an interest which he may possess under Section 4, Chapter 1787 of the Public Laws, 1919, giving to a surviving husband certain rights for life or in fee in the real estate of his deceased wife, subject to the rights of creditors of the wife's estate.

All the respondents have admitted the truth of the allegations of the bill and join in the prayer thereof, and the case, being ready for final hearing and decree, has been certified to this court for final determination under General Laws, 1909, Chapter 289, Section 35.

James Barnes died in 1872 and his will, made in 1864, was admitted to probate on July 30, 1872.   His will provided that all of his estate be vested in trustees and that, "for and during the term of her natural life, or so long as she shall remain my widow, and unmarried, all the rents, profits, income, and dividends of said property and estate, (over and above the proper and necessary expenses of taking care of the same,) shall be paid from time to time, and as often as

once in Three Months, to my wife, Eliza Barnes, for her use, and to be applied in her discretion, to the maintenance, education, and support of our children, Henrietta E. Barnes, Eliza A. Barnes, Amelia H. Barnes, and James A. Barnes, and in case of the marriage of my said wife, Eliza Barnes, after my decease, then she is to receive for her own sole and separate use out of such rents, profits, income, and dividends, the sum of One Hundred Dollars in each year of her natural life thereafter (should the same amount to that sum,) and the balance thereof in such case shall be distributed as here-inafter provided in the event of her decease, viz.:

(1) "After her decease, said rents, profits, income, and divi-dends shall be equally divided among my said children, or such as then survive, and the lawful issue (if any) of such as may have deceased, and in the case of my said daughters shall be paid to them upon their sole and separate receipt without regard to their husbands, should they or either of them then be married, and upon the decease of either of our said children, one fourth part of said property and estate then remaining shall be conveyed to and vested in his or her heirs at law; provided, however, and my will further is, that as soon as my said son, James, shall have arrived at the age of Thirty years, or so soon thereafter as his mother shall have married or deceased, his one fourth part of said property and estate shall be conveyed to and vested in him for his sole and separate use."

A further provision of the will authorizes and empowers the trustee or trustees in their discretion to sell and convey all or any part of said property and estate and the proceeds to reinvest as they shall think fit.

The only son, James Alfred Barnes, died without issue in his minority, prior to the death of his mother who deceased about 1890. The testator's daughter Amelia married Edward Curtis and they are survived only by Amelia H. B. Curtis, a grandchild of the testator, and a respondent herein. Another daughter, Eliza, died in October last, having no issue, and survived by her husband, Robert B. Strong, who

has answered individually and as administrator upon his wife's estate. Henrietta E. Barnes Foster is the only living child of the testator and with her is joined her husband, Joseph W. D. Foster.

The bill alleges that the trust property consists of real estate which cannot be equitably partitioned among the parties interested therein; that it does not produce an income commensurate with its value; that it is depreciating in value and expensive to maintain.

The complainant prays this court to construe the will of the said James Barnes as to the *quantum* of the estate now held by him as trustee thereunder; to determine as to his power to sell the trust property, his power to terminate the trust and also for instructions regarding his duties as to the disposition of the estate and funds in his hands and finally to determine the rights of the several parties respondent, Amelia H. B. Curtis, Henrietta E. B. Foster, Joseph W. D. Foster, husband of Henrietta, and Robert B. Strong, surviving husband of Eliza A. Barnes Strong now deceased.

Bearing in mind that of the four children of James Barnes, the testator, only one, Henrietta E. Barnes, the wife of Joseph W. D. Foster, is now living; that James A. Barnes died during his minority and without issue; that Amelia H. Barnes and her husband Edward Curtis are both deceased being survived by one daughter Amelia H. B. Curtis, one of the respondents; and that Eliza A. Barnes is deceased without issue leaving a husband, Robert B. Strong, we conclude,

1. That upon the death of James A. Barnes his one-fourth interest in the trust estate became vested in three equal parts of one-twelfth each of the whole estate in his sisters, Henrietta E. B. Foster, Eliza A. B. Strong and Amelia H. B. Curtis, the mother of the respondent of the same name, free from the trust.

2. That upon the death of Amelia H. B. Curtis her one-fourth interest in the trust estate and her one-twelfth share which came to her from her brother, James, became vested

in her daughter, Amelia H. B. Curtis, one of the respondents, and that the latter thereupon became the owner of four twelfths of the whole estate.

3. Upon the death of Eliza A. B. Strong her one-fourth interest in the trust estate became vested in two equal parts of one-eighth each in Henrietta E. B. Foster and the respondent Amelia H. B. Curtis free of the trust. The one-twelfth however which came to the said Eliza A. B. Strong from her brother, James, must be held by the trustee subject to such disposition thereof as may be made by the probate court under Section 4, Chapter 1787 of the Public Laws of 1919 affecting the rights of the husband Robert B. Strong.

The respondent Amelia H. B. Curtis is therefore entitled to the four-twelfths inherited from her mother, Amelia H. B. Curtis, and one-eighth inherited from her aunt Eliza A. B. Strong, in all eleven twenty-fourths of the estate free from the trust.

The respondent Henrietta E. B. Foster is entitled to one-twelfth inherited from her brother, James, and one-eighth inherited from her sister Eliza or five twenty-fourths in all free from the trust.

The original one-fourth or six twenty-fourths placed in trust for the benefit of Henrietta E. B. Foster must remain in the hands of the trustee the income to be paid to her during her life and upon her decease to be conveyed to her heirs at law free from the trust.

We think that the trustee under the circumstances of the case, as presented to us, should be authorized and empowered to sell and convey the real estate which comprises the trust property and to reinvest one-fourth part of the proceeds and dispose of the remainder thereof in accordance with this opinion.

The parties may present to this court a form of decree in accordance herewith.

*Mendell W. Crane*, for complainant.

*Thomas A. Berry*, for certain respondents.

*Edward M. Sullivan, John J. Sullivan*, for Amelia H. B. Curtis.